IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs December 18, 2012

**TOM PERRY BELL v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Hamilton County**
**Nos. 283823, 283824      Don W. Poole, Judge**

_____

**No. E2012-01141-CCA-R3-PC - Filed January 10, 2013**

_____

The petitioner, Tom Perry Bell, appeals the summary dismissal of his petitions for post-conviction relief, wherein he challenged his 1983 conviction of petit larceny and his 1978 conviction of receiving stolen property. Because the petitions are time-barred and because the petitioner failed to establish grounds for tolling the statute of limitations for filing a petition for post-conviction relief, we affirm the judgments of the post-conviction court.

**Tenn. R. App. P. 3; Judgments of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which JOSEPH M. TIPTON, P.J., and CAMILLE R. MCMULLEN, J., joined.

Tom Perry Bell, Whiteville, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; and John H. Bledsoe, Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**

On May 1, 2012, the petitioner filed separate petitions for post-conviction relief in the Hamilton County Criminal Court challenging his June 7, 1983, guilty-pleaded conviction of petit larceny and his January 20, 1978, guilty-pleaded conviction of receiving stolen property valued at less than $100. The petitioner alleged that the guilty pleas in both cases were not knowingly, intelligently, and voluntarily entered and that both were the product of the ineffective assistance of his trial counsel. Additionally, the petitioner alleged that the trial court failed to follow the requirements of Rule 11 of the Tennessee Rules of Criminal Procedure when accepting his guilty pleas. The post-conviction court summarily dismissed both petitions as time-barred, specifically finding that the petitioner had failed to

establish statutory or constitutional grounds for tolling the statute of limitations for filing a petition for post-conviction relief.

In this timely appeal, the petitioner contends that the post-conviction court erred by dismissing the petitions as untimely, arguing that because the 1978 and 1983 convictions were used to enhance the sentence imposed for his 2010, guilty-pleaded conviction of burglary, he is presently "in custody" by virtue of those convictions. He claims that although the sentence imposed for each conviction has been served, use of the convictions for enhancement purposes avails him the right to collaterally attack the decades-old convictions via a petition for post-conviction relief despite the one-year statute of limitations. The State asserts that the post-conviction court properly dismissed the petition as time-barred.

"[A] person in custody . . . must petition for post-conviction relief . . . within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken." T.C.A. § 40-30-102(a) (2006). "If it plainly appears from the face of the petition, . . . that the petition was not filed . . . within the time set forth in the statute of limitations, . . . the judge shall enter an order dismissing the petition. The order shall state the reason for the dismissal and the facts requiring dismissal." *Id.* § 40-30-106(b). The statute of limitations for filing a post-conviction petition is jurisdictional. *See id.* § 40-30-102(b) ("No court shall have jurisdiction to consider a petition filed after the expiration of the limitations period unless [certain statutory prerequisites are met].").  Our supreme court has held that "the one-year statutory period is an element of the right to file a post-conviction petition and that it is not an affirmative defense that must be asserted by the State." *State v. Nix*, 40 S.W.3d 459, 464 (Tenn. 2001). Thus, "it is incumbent upon a petitioner to include allegations of fact in the petition establishing either timely filing or tolling of the statutory period," and the "[f]ailure to include sufficient factual allegations of either compliance with the statute or [circumstances] requiring tolling will result in dismissal." *Id.*

A petition for post-conviction relief filed outside the one-year statute of limitations may nevertheless be considered if its allegations fall within three rather narrow exceptions:

> (1) The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. Such petition must be filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial;

-2-

(2) The claim in the petition is based upon new scientific evidence establishing that such petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or

(3) The claim asserted in the petition seeks relief from a sentence that was enhanced because of a previous conviction and such conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the petition must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid.

T.C.A. § 40-30-102(b)(1)-(3). Additionally, due process principles may, in very limited circumstances, require tolling of the post-conviction statute of limitations. *See generally Seals v. State*, 23 S.W.3d 272 (Tenn. 2000); *Burford v. State*, 845 S.W.2d 204 (Tenn. 1992). To determine whether due process requires tolling of the statute of limitations, we must determine "when the limitations period would normally have begun to run"; "whether the grounds for relief actually arose after the limitations period would normally have commenced"; and, finally, "if the grounds are 'later arising,' determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim." *Sands v. State*, 903 S.W.2d 297, 301 (Tenn. 1995).

In this case, the petitioner challenged his 1978 and 1983 convictions via post-conviction petitions filed in 2011, decades after the judgments in both cases became final. None of the statutory grounds for tolling the statute of limitations apply. Moreover, due process principles do not require tolling the statute of limitations in either case because the petitioner's claims for relief, involuntary pleas and deprivation of the effective assistance of counsel, are not "later-arising." Finally, although a petitioner generally may use a post-conviction petition to challenge a conviction that is used to enhance a later conviction, even if the sentence for the earlier conviction has been served and has expired, *see, e.g.*, *Hickman v. State*, 153 S.W.3d 16, 23 n.4 (Tenn. 2004) ("The language 'in custody' has long been broadly construed to permit persons to collaterally challenge, by means of a post-conviction petition, a judgment of conviction that later may be used to enhance a sentence on another conviction. Such challenges have been allowed even if the sentence on the challenged conviction has been served or has expired at the time the post-conviction petition is filed."),

-3-

he must do so within the statute of limitations or demonstrate that tolling of the limitations period is required. The petitioner in this case has done neither.

Accordingly, the judgments of the post-conviction court are affirmed.

_____

JAMES CURWOOD WITT, JR., JUDGE